UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HECTOR L. SEGURA,<br><br>  Plaintiff,<br><br>vs.<br><br>BELLE FOURCHE IRRIGATION,<br><br>  Defendant. | 5:22-CV-05026-RAL<br><br><br>OPINION AND ORDER GRANTING<br>DEFENDANT'S MOTION TO DISMISS |

Pro se Plaintiff Hector L. Segura sued Defendant Belle Fourche Irrigation District (BFID) for allegedly refusing to provide him with water he had purchased because he is a veteran with a disability. Doc. 1. BFID filed an answer raising several defenses and asking this Court to dismiss Segura's complaint. Doc. 4. This Court ordered BFID to file a motion to dismiss based on the affirmative defenses raised in its answer and set a briefing schedule. Doc. 6. BFID then filed a Motion to Dismiss, Doc. 8, which this Court now grants.

I.   **Legal Standard on Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must accept the plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept the plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). Although detailed factual allegations are unnecessary, the

plaintiff must plead enough facts to "state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Therefore, the "factual allegations must be sufficient to raise a right to relief above the speculative level." Cook v. George's, Inc., 952 F.3d 935, 938 (8th Cir. 2020) (cleaned up and citation omitted).

When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (citation omitted); see also Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003) (explaining that courts may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" (citation omitted)). "The consideration of judicially noticed facts, such as public court records, does not convert a motion to dismiss into one for summary judgment." Waldner v. N. Am. Truck & Trailer, Inc., 277 F.R.D. 401, 406 (D.S.D. 2011) (citing State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). Res judicata may justify granting a motion to dismiss. See Laase v. Cnty. of Isanti, 638 F.3d 853, 856 (8th Cir. 2011).

Courts are to construe pro se complaints liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. Importantly, however, this

2

rule of liberal construction does not excuse a pro se plaintiff from alleging enough facts to support his claims. Id. at 914. Even though a plaintiff is proceeding pro se, courts will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Id. at 915.

## II. Background

### A. Facts as alleged in the complaint

The complaint alleges that BFID refused to provide Segura with water he had purchased and that BFID's refusal prevented Segura from being able to work. Doc. 1 at 3. Segura alleges that BFID told him he had used all of his six-foot water allowance for the year, which Segura asserts is impossible, because if he had used his entire water allowance, his house, land, and crops would have been ruined. Id. Segura complains that BFID refused to provide him with additional water because "they hate vets." Id. It is not clear from the complaint when this incident occurred, why Segura believes BFID hates veterans, or how Segura's work was interrupted.

Segura claims BFID's refusal to provide him with additional irrigation water entitles him to $8,000 in damages for his loss-of-crops and $20,000 in damages because BFID discriminated against a veteran. Id. at 1, 4. Exhibit 1, which is attached to the complaint, includes several photos. Doc. 1-1. It is difficult to make out what exactly is pictured in some of the photos. Three of the photos appear to show Segura's property, and corresponding descriptions give the impression that the property located at the bottom of a hill. Id. at 2, 4. The other photos include a screenshot of a publication from the U.S. Department of Labor with the definition of "disabled veteran," a screenshot of a website with the header "How many gallons of water does it take to cover 1 acre of land with 1 inch of water?" and a page including a brief description of federal laws that provide veterans with disabilities protections in the workplace. Id. at 1, 5, 8.

**B. Prior Litigation**

BFID contends Segura has already litigated these claims in South Dakota state court and was unsuccessful. Doc. 8 at 3–4. According to the records from that lawsuit, which BFID attached to its motion to dismiss,[1] Segura filed a small claims action against BFID in state court on October 7, 2021. Doc. 8 at 2; Doc. 8-1 at 1. The state court complaint makes similar allegations about BFID incorrectly calculating Segura's water usage and denying him water. Doc. 8-1 at 2. Segura alleged that he was refused water "due to discrimination and prejudice," and that he was "racial profile[d]" by BFID officials who treated him unfairly because they "hate[] Mexicans . . . ." Id. at 4–5. Segura claimed several thousand dollars in damages due to lost crops and the alleged discriminatory treatment. Id. at 4.

In state court, BFID denied that Segura was wrongfully deprived of water for irrigation. Id. at 6–7. According to BFID, the 2021 irrigation season was unusually hot and dry, leading many landowners in the district to use their entire water allotment prior to the end of the season. Id. at 6. Landowners who used all their water before the end of the season were informed that they could purchase additional water for irrigation. Id. at 7. BFID told Segura sometime during the 2021 irrigation season that he had used all of his water, but that he could purchase more if he wanted to further irrigate that year. Id. BFID did not hear from Segura again until he filed his small claims lawsuit against them in October 2021, after the irrigation season had ended. Id. BFID further

---

[1] Segura's federal complaint does not reference the state court lawsuit, but he acknowledges the state court proceedings in briefing by explaining why he failed to appear at the state court trial, Doc. 7 at 1, and by asking this Court to "vacate the previous ruling," Doc. 9. Because the state court documents attached to BFID's motion are public records and Segura does not question their legitimacy, this Court may consider them in ruling on a motion to dismiss. Dittmer, 708 F.3d at 1021.

asserted that Segura failed to comply with state notice requirements and that his small claims lawsuit was untimely under SDCL § 46A-5-26, which required Segura to give BFID written notice of his complaints within thirty days after the alleged denial of water had occurred. Id.

The small claims case went to trial on December 3, 2021. Doc. 8 at 2. Segura failed to appear, so his claims were dismissed with prejudice and a judgment was entered against him for $500. Doc. 8-1 at 11 (dismissing small claims suit and awarding costs pursuant to SDCL § 15-39-73, which among other things allows a judgment of up to $500 to be entered against a party for bringing a frivolous claim).

### III. Discussion

#### A. Res Judicata

BFID has now moved to dismiss Segura's federal complaint on res judicata grounds and for failure to state a claim upon which relief can be granted. Doc. 8 at 3–4. Before addressing these issues, this Court must first construe Segura's pro se complaint in a way that permits his claims to be considered within the proper legal framework. Stone, 364 F.3d at 915.

The essence of Segura's claims is that BFID unlawfully discriminated against him when they refused him irrigation services because he is a veteran with a disability. Doc. 1 at 3. Segura alleges he was deprived of his ability to work due to this discriminatory treatment. Id. Because BFID's alleged discrimination prevented him from being able to work, Segura seeks relief under the Uniformed Services Employment and Reemployment Act ("USERRA") and the Americans with Disabilities Act ("ADA"). Id. at 1.; Doc 1-1 at 8. In general, the "USERRA 'prohibits employment discrimination on the basis of military service,'" Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011) (quoting Maxfield v. Cintas Corp. No. 2, 247 F.3d 544, 551 (8th Cir.

2005)), and the ADA prohibits discrimination "on the basis of disability," Lindeman v. Saint Luke's Hosp. of Kansas City, 899 F.3d 603, 605 (8th Cir. 2018) (quoting 42 U.S.C. § 12112(a)).

Based on the scant facts alleged in his federal complaint, Segura has not plead a plausible claim upon which relief can be granted under either of these two federal statutes. Regardless of whether Segura has plead enough facts to support a plausible case of unlawful discrimination under the USERRA or the ADA, his claims must be dismissed because they are barred by res judicata.[2]

Federal courts are required to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Healy v. Fox, 572 F. Supp. 3d 730, 739 (D.S.D. 2021), aff'd, 46 F.4th 739 (8th Cir. 2022). Where, as here, the underlying judgment was rendered in South Dakota, this Court must look to South Dakota law to define the preclusive effect of the small-claims judgment against Segura. Under South Dakota law, res judicata will bar a subsequent action between two parties if there is (1) already a final judgment on the merits by a court of competent jurisdiction, (2) on the same cause of action, (3) between the same parties, and (4) so long as there was a full and fair opportunity to litigate the issues in the prior lawsuit. Fox, 46 F.4th 739, 744 (8th Cir. 2022); Golden v. Oahe

---

[2] BFID also moves to dismiss Segura's complaint as time-barred by SDCL § 46A-5-26, which provides:
> Every irrigation district within this state is liable in damages for negligence in delivering or failure to deliver water to the users from its canal to the same extent as private persons and corporations if the person suffering damage, within thirty days after such negligence or failure, serves a notice in writing on the chair of the board of directors of the district, setting forth the acts or omissions on the part of the district which it is claimed constitute such negligence or failure, and that the person expects to hold the district liable for whatever damages may result. Such action may be brought not later than one year from the time the cause of action accrues.

It is unclear whether the above statute may time bar a USERRA or ADA action against a state irrigation district. But this is unnecessary for this Court to address, because Segura's federal complaint is barred by res judicata.

6

Enters., Inc., 240 N.W.2d 102, 109 (S.D. 1976); Hicks v. O'Meara, 31 F.3d 744, 746 (8th Cir. 1994); Dakota, Minn. & E. R.R. Corp. v. Acuity, 720 N.W.2d 655, 661 (S.D. 2006).

There is no question that the federal action and the small claims action are between the same parties—BFID and Segura. The more nuanced issues are whether Segura's federal suit and small claims suit allege the same cause of action, and if so, whether Segura had a full and fair opportunity to litigate his claims before the South Dakota small claims court. This Court will address each of these issues in turn.

Under South Dakota law, "[w]hether causes of action are identical depends on whether the wrong sought to be redressed is the same in both actions." Healy, 46 F.4th at 744 (citation omitted) (applying South Dakota res judicata principles). To determine whether Segura's federal cause of action gives rise to the same cause of action he brought in state small claims court, this Court must "look to the underlying facts which give rise to each cause of action." Id. This Court's "review is not restricted to whether the specific question posed by the parties in both actions was the same or whether the legal question posed by the nature of the suit was the same." Farmer v. S.D. Dep't of Revenue & Regul., 781 N.W.2d 655, 660 (S.D. 2010). Instead, the question is "whether the claims asserted in both suits arose out of a single dispute and whether one claim has been brought to a final judgment on the merits." Id. If those criteria are met, the subsequent action is barred "regardless of whether there were different legal theories asserted or different forms of relief requested in a subsequent action." Id.; see also Am. Family Ins. Grp. v. Robnik, 787 N.W.2d 768, 775 (S.D. 2010) (citation omitted) ("Claim preclusion not only precludes relitigation of issues previously heard and resolved; it also bars prosecution of claims that could have been raised in the earlier proceeding, even though not actually raised." (cleaned up and citation omitted)).

7

Segura's federal complaint alleges the same cause of action as was alleged by his state small claims suit. The underlying facts in both lawsuits are nearly identical. The gist of Segura's complaint in the small claims suit was that BFID denied Segura water he had purchased because BFID held some unlawful prejudice against him. While Segura's federal complaint accuses BFID of discriminating against him because he is a veteran with a disability and Segura's state complaint accused BFID of racial discrimination, the allegations in both lawsuits concern the same dispute over Segura allegedly being wrongfully denied water for irrigation due to BFID's alleged prejudice against him. Segura makes the same arguments in both suits—namely, that if he had used the amount of water BFID said he had used, his house would have been underwater. Because the numbers, according to Segura, do not add up, he alleges in both suits that BFID must have been motivated by unlawful discrimination.[3] The claims asserted in both suits arose out of a single dispute and the small claims suit was brought to a final judgment on the merits. Accordingly, this Court finds that Segura's federal complaint alleges the same cause of action as he brought in South Dakota small claims court.

Whether a party had a full and fair opportunity to litigate its claims in a prior proceeding "is not determined by 'whether it is still possible to find additional evidence concerning that claim.'" Est. of Johnson ex rel. Johnson v. Weber, 898 N.W.2d 718, 733 (S.D. 2017). Nor is it required that the claim have been *actually* litigated at an earlier time. "Rather, the parties only need to have been provided 'a fair opportunity to place their claims in the prior litigation.'" Healy Ranch, Inc. v. Healy, 978 N.W.2d 786, 802 (S.D. 2022) (citation omitted).

---

[3] As an aside, neither complaint alleges facts to support Segura's theory that BFID discriminated against him because of his race or disability.

Segura's small claims lawsuit was heard in magistrate court in South Dakota's Fourth Judicial Circuit. South Dakota magistrate courts have "concurrent jurisdiction with the circuit courts to try and determine all small claim proceedings." SDCL § 16-12B-12. Specifically, "[a] magistrate court with a magistrate judge presiding has concurrent jurisdiction with the circuit courts to try and determine any civil action if the debt, damage, claim, or value of the property involved does not exceed twelve thousand dollars." SDCL § 16-12B-13. The South Dakota Supreme Court has never explicitly held that a small claims court judgment can bar subsequent actions via res judicata, but given that magistrate courts have concurrent jurisdiction with the state circuit courts, there is little doubt such a judgment could have preclusive effect. See First Fed. Sav. & Loan Ass'n v. Strub, 427 N.W.2d 836, 840 (S.D. 1988) (Sabers, J., dissenting) (noting res judicata would bar relitigation of matter previously decided in small claims court); cf. Lawson v. Des Moines Indep. Cmty. Sch. Dist., No. 4:06-CV-00338-RAW, 2008 WL 11429504, at *2 (S.D. Iowa May 20, 2008) ("The final adjudication of a claim in Iowa's small claims court can have claim preclusive effect."). But see Hicks, 31 F.3d at 746 (holding res judicata did not bar federal suit where the amount at issue exceeded the jurisdiction of the state small claims court).

The Supreme Court of South Dakota has been clear about the rationale for res judicata:

> Res judicata is premised upon two maxims: a person should not be twice vexed for the same cause and public policy is best served when litigation has a repose. One major function of claim preclusion is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit.

Healy Ranch, 978 N.W.2d at 802 (cleaned up and citations omitted). Segura chose to file a complaint in South Dakota small claims court to litigate his dispute with BFID over the irrigation water. In his small claims suit, he sought $6,650 in damages and the small claims court had jurisdiction to fully litigate the matter. Segura chose not to fully pursue his claims in the small claims court when he had every opportunity to do so, and he cannot now seek relief in this Court

on the same cause of action just because his failure to fully litigate in small claims court resulted in an adverse judgment being entered against him. Here, under South Dakota law, Segura's cause of action against BFID is barred by res judicata.

### B. Costs and Attorney's Fees

BFID further requests a "judgment against Plaintiff . . . awarding fees and costs for frivolous litigation." Doc. 8 at 5. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Claims for attorney's fees and costs typically must be made by motion:

> (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
>
>> (i) be filed no later than 14 days after the entry of judgment;
>>
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>>
>> (iii) state the amount sought or provide a fair estimate of it; and
>>
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2). BFID has neither filed a separate motion for attorney's fees nor cited to any authority under which this Court may award attorney's fees to BFID. Accordingly, this Court defers ruling on this request unless and until a formal motion is filed.

### IV. Conclusion

Accordingly, it is

ORDERED that Belle Fourche Irrigation District's Motion to Dismiss, Doc. 8, is granted. Segura's claims against BFID are dismissed with prejudice. It is further

ORDERED that BFID will have fourteen-days from when judgment is entered to file a motion for costs and attorney's fees, if there is a reasonable basis for attorney's fees, under Federal Rule of Civil Procedure 54.

DATED this 21st day of November, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE